|   |   |
|---|---|
| 1 | |
| 2 | |

# UNITED STATES DISTRICT COURT

# SOUTHERN DISTRICT OF CALIFORNIA

| BAKER ELECRIC & RENEWABLES, LLC, | Case No.: 3:24-cv-00135-MMA-VET |
|---|---|
| Plaintiff, | **ORDER GRANTING IN PART JOINT MOTION TO AMEND SCHEDULING ORDER AND ISSUING AMENDED SCHEDULING ORDER** |
| v. | |
| ZURICH AMERICAN INSURANCE COMPANY and DOES 1 through 20, inclusive, | |
| Defendants. | [Doc. No. 35] |

Before the Court is the parties' Joint Motion to Amend Scheduling Order ("Joint Motion"). Doc. No. 35. For the reasons stated below, the Court **GRANTS IN PART** the Joint Motion and **ISSUES** an Amended Scheduling Order.

**I.     JOINT MOTION AND PROCEDURAL BACKGROUND**

This is an insurance coverage action stemming from claims in an underlying state court action initiated by Plaintiff against Metropolitan Water District of Southern California (the "Underlying Action"). On May 20, 2024, the Court issued the initial Scheduling Order Regulating Discovery and Other Pre-Trial Proceedings. Doc. No. 26. On September 13, 2024, the Court held a status conference where the parties indicated they were actively engaging in settlement discussions with a mediator but did not agree that

settlement was imminent. During the status conference, the parties also explained they would be seeking a joint extension due to the complicated nature of the case.

On September 27, 2024, the Parties filed the Joint Motion. Doc. No. 35. The parties request that the fact and expert discovery deadlines be extended by at least 30 days and up to 90 days. *Id* at 2. Plaintiff agrees to at least a 30-day extension and Defendant seeks an extension of at least 60 days and up to 90 days. *Id*. The parties represent that the requested extension is necessary due to the ongoing settlement negotiations and the complexity of the cable system at issue. *Id* at 4–5. Defendant further cites the need for "expert analysis and testimony," and Plaintiff anticipates the need for depositions (in addition to testimony from the Underlying Action) given certain unique facts at issue in this case. *Id* at 4–5.

## II.   LEGAL STANDARD

In determining whether to modify a scheduling order, the Court considers the "good cause" standard set forth in Federal Rule of Civil Procedure 16(b)(4). Fed. R. Civ. P. 16(b)(4). Pursuant to Rule 16(b)(4), a "schedule may be modified *only* for good cause and with the judge's consent." *Id.* (emphasis added); *Zivkovic v. S. Cal. Edison Co.*, 302 F.3d 1080, 1087 (9th Cir. 2002). Rule 16(b)(4)'s "good cause" standard "primarily considers the diligence of the party seeking the amendment." *Learjet, Inc. v. Oneok, Inc.* (*In re W. States Wholesale Natural Gas Antitrust Litig.*), 715 F.3d 716, 737 (9th Cir. 2013). "The district court may modify the pretrial schedule 'if it cannot reasonably be met despite the diligence of the party seeking the extension.'" *Johnson v. Mammoth Recreations, Inc.*, 975 F.2d 604, 609 (9th Cir. 1992) (citing to Fed. R. Civ. P. 16 advisory committee's notes on the 1983 amendment); *see also Zivkovic*, 302 F.3d at 1087; 6A *Wright, Miller & Kane, Federal Practice and Procedure* § 1522.1 at 231 (2d ed. 1990) ("good cause" means scheduling deadlines cannot be met despite party's diligence). "[C]arelessness is not compatible with a finding of diligence and offers no reason for a grant of relief." *Johnson*, 975 F.2d at 609. The focus of the inquiry is upon the moving party's reasons for seeking modification. *Id.* "If the moving party was not diligent, the inquiry should end." *Id.*; *Branch Banking & Tr. Co. v. D.M.S.I., LLC*, 871 F.3d 751, 764 (9th Cir. 2017) (same).

Further, Civil Local Rule 16.1(b) requires that all counsel "proceed with diligence to take all steps necessary to bring an action to readiness for trial." Civ.LR 16.1(b). Similarly, this Court's Civil Chambers Rules require that any motion to continue a scheduling order deadline include a showing of good cause, supported by a "declaration from counsel that details steps taken by the Parties to meet current deadlines and reasons why the Parties can no longer meet those deadlines." J. Torres Civ. Chambers R. VI.D.

## III.   DISCUSSION

The Court recognizes the need to develop testimony and expert evidence beyond that already developed in the Underlying Action. However, the Court issued the original scheduling order on May 20, 2024, thus the parties have had over 4 months to engage in fact discovery. And while the parties reference the exchange of tens of thousands of documents and production of deposition transcripts from the Underlying Action, it appears, based on representations during a status conference, that much of the information exchange occurred on an informal basis and little has occurred in terms of formal discovery. Further, despite a recognized need for depositions, neither party has taken or noticed a single deposition.

Moreover, the Court appreciates the parties' efforts in trying to resolve this case as part of settlement efforts in the Underlying Action, but the Underlying Action does not excuse the parties from being diligent in meeting deadlines in this case. This is especially true when settlement is not imminent, and as such, settlement discussions are not a basis for any party to delay conducting discovery. Still, the Court is persuaded that a short extension is appropriate given the parties' desire and efforts to settle this case and the desire to avoid the potentially unnecessary expenditure of resources.

Accordingly, the Court finds there is good cause to extend certain deadlines, including the close of fact and expert discovery by 45 days. Therefore, the Court **GRANTS IN PART** the Parties' Joint Motion.

## IV. AMENDED SCHEDULING ORDER

Good cause appearing, the Court **AMENDS** the operative scheduling order (Doc. No. 26) as follows:

1. All fact discovery shall be completed by all parties by **November 29, 2024**. "Completed" means that all discovery under Fed. R. Civ. P. 30-36, and discovery subpoenas under Fed. R. Civ. P. 45, must be initiated a sufficient period of time in advance of the cut-off date, so that it may be completed by the cut-off date, taking into account the times for service, notice, and response as set forth in the Federal Rules of Civil Procedure. Counsel shall promptly and in good faith meet and confer regarding all discovery disputes in compliance with Local Rule 26.1(a). The Court expects counsel to make every effort to resolve all disputes without court intervention through the meet and confer process. If the parties reach an impasse on any discovery issue, counsel shall follow the procedures governing discovery disputes set forth in Judge Torres' Civil Chambers Rules. **A failure to comply in this regard will result in a waiver of a party's discovery issue. Absent an order of the Court, no stipulation continuing or altering this requirement will be recognized by the Court.**

2. A Mandatory Settlement Conference ("MSC") shall be conducted by Zoom video conferencing on **December 12, 2024** at **9:30 a.m.** before Magistrate Judge Valerie E. Torres.[1]

    a. The following are **mandatory** procedures to be followed in preparation for the MSC. Absent express permission from this Court, counsel must timely comply with the dates and deadlines herein. Questions regarding the MSC or the mandatory guidelines set forth herein may be directed to Judge Torres' Chambers at (619) 557-6384.

---

[1] Counsel may request the MSC be converted to an in-person appearance through a joint call or email to Judge Torres' Chambers (efile_torres@casd.uscourts.gov). Counsel must meet and confer prior to making such a request.

      b.    **Full Settlement Authority Required.** Pursuant to Local Rule 16.1.c.1, all parties, party representatives, including claims adjusters for insured parties, and the principal attorney(s) responsible for the litigation must participate in the MSC.[2] This appearance must be made with full and complete authority to negotiate and enter into a binding settlement.[3] Counsel for a government entity is excused from this requirement if the government attorney who participates in the MSC (i) has primary responsibility for handling the case, and (ii) may negotiate settlement offers that the attorney is willing to recommend to the government official having ultimate settlement authority.

      c.    **Confidential Settlement Brief.** No later than **seven (7) calendar days** before the MSC, each party must lodge a Confidential Settlement Brief by email to efile_torres@casd.uscourts.gov. The Confidential Settlement Brief should not exceed ten (10) pages, excluding exhibits, and must be formatted according to the requirements of Local Rule 5.1(a). Parties attaching exhibits must attach only the relevant pages of multi-page exhibits and must highlight the relevant portions.

      d.    **Contents of Settlement Brief.** All Confidential Settlement Briefs shall include the content specified in the Court's Chambers Rules, available at https://www.casd.uscourts.gov/Judges/torres/docs/Civil%20Chambers%20Rules.pdf.

---

[2] The attendance requirement includes parties that are indemnified by others. Any deviation from this Order requires prior Court approval.

[3] Full authority to settle means that the individuals at the MSC are authorized to fully explore settlement options and to agree at that time to any settlement terms acceptable to the parties. *Heileman Brewing Co., Inc. v. Joseph Oat Corp.*, 871 F.2d 648, 653 (7th Cir. 1989). Party participants need to have "unfettered discretion and authority" to change the settlement position of a party. *Pitman v. Brinker Int'l, Inc.*, 216 F.R.D. 481, 485-486 (D. Ariz. 2003). One of the purposes of requiring a person with complete settlement authority to attend the conference is that the person's view of the case may be altered during the face-to-face conference. *Id.* at 486. Limited or sum certain authority is not adequate. *Nick v. Morgan's Foods, Inc.*, 270 F.3d 590, 595-597 (8th Cir. 2001).

e. **Procedure for Zoom Videoconference.** Two (2) business days prior to the MSC, the Court will email counsel of record an invitation with the Zoom meeting information. Participants can join the Zoom video conference by following the ZoomGov Meeting hyperlink or using the meeting ID and password provided. Each participant should plan to join the Zoom video conference *at least five (5) minutes before* the start of the MSC. Counsel is responsible for ensuring their clients can participate in the MSC. All participants must display the same level of professionalism and attention during the MSC as if they were attending in person (*e.g.*, not be driving while speaking to the Court, or otherwise distracted).

3. The parties shall designate their respective experts in writing by **January 2, 2025**. The parties must identify any person who may be used at trial to present evidence pursuant to Fed. R. Evid. 702, 703 or 705. This requirement is not limited to retained experts. The parties shall designate rebuttal experts in writing by **January 16, 2025**. The written expert designations shall include the name, address and telephone number of the expert and a reasonable summary of the testimony the expert is expected to provide, including any summary of facts and opinions required by Fed. R. Civ. P. 26(a)(2)(C). The designations shall also include the normal rates the expert charges for deposition and trial testimony.

4. By **February 17, 2025**, each party shall comply with the disclosure provisions in Fed. R. Civ. P. 26(a)(2)(A) and (B). This disclosure requirement applies to all persons retained or specially employed to provide expert testimony, or whose duties as an employee of the party regularly involve giving expert testimony. Any party that fails to make these disclosures shall not, absent substantial justification, be permitted to use evidence or testimony not disclosed at any hearing or at the time of trial. In addition, the Court may impose sanctions as permitted by Fed. R. Civ. P. 37(c).

5. Any party shall supplement its disclosure regarding contradictory or rebuttal evidence under Fed. R. Civ. P. 26(a)(2)(D) and 26(e) by **March 3, 2025**.

6. All expert discovery shall be completed by all parties by **April 4, 2025**. The parties shall comply with the same procedures set forth in the paragraph governing fact discovery.

7. All dispositive pretrial motions, including motions for summary judgment and motions addressing *Daubert* issues, must be filed by **April 18, 2025**.[4] Counsel for the moving party must obtain a motion hearing date from Judge Anello's law clerk. The period of time between the date you request a motion date and the hearing date may vary from one district judge to another. Please plan accordingly. Failure to make a timely request for a motion date may result in the motion not being heard.

8. If appropriate, following the filing of an order ruling on a motion for summary judgment or other dispositive pretrial motion, or in the event no such motion is filed, after the expiration of the deadline set forth in paragraph 7, *supra*, Judge Anello will issue a pretrial scheduling order setting a pretrial conference, trial date, and all related pretrial deadlines. The parties must review and be familiar with Judge Anello's Civil Chambers Rules, which provide additional information regarding pretrial scheduling.

9. The parties must review the chambers' rules for the assigned district judge and magistrate judge.

10. A post-trial settlement conference before a magistrate judge may be held within 30 days of verdict in the case.

11. The dates and times set forth herein will not be modified except for good cause shown.

12. Briefs or memoranda in support of or in opposition to any pending motion shall not exceed twenty-five (25) pages in length without leave of a district court judge. No reply memorandum shall exceed ten (10) pages without leave of a district court judge.

---

[4] This deadline is not applicable to pretrial motions *in limine*. For further information regarding motions *in limine*, please refer to Judge Anello's Civil Chambers Rules.

1 | Briefs and memoranda exceeding ten (10) pages in length shall have a table of contents
2 | and a table of authorities cited.
3 |     13.    Plaintiff's counsel shall serve a copy of this order on all parties that enter this
4 | case hereafter.
5 |     **IT IS SO ORDERED.**
6 |
7 | Dated:  October 4, 2024
8 |                                   Honorable Valerie E. Torres
                                    United States Magistrate Judge